UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVE J. FORJAN, David, previously and
legally known as, Dave J. Forjan,

                         Plaintiff,

v.                                                    3:19-CV-1209
                                                   (GTS/ML)

THE U.S. ENVIRONMENTAL PROTECTION
AGENCY; ANDREW WHEELER, U.S.
Acting U.S. EPA Administrator; PETER D.
LOPEZ, Regional U.S. EPA Administrator;
RICHARD KEIGWIN, Jr., Director U.S.
EPA office of Pesticide Programs,

                         Defendants.
_____

APPEARANCES:                                                  OF COUNSEL:

DAVE J. FORJAN
  Plaintiff, *Pro Se*
2633 State Route 17C
Barton, New York 13734

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

**I.**      **INTRODUCTION**

       Plaintiff David J. Forjan ("Plaintiff") commenced this *pro se* action on September 30,

2019, asserting claims against the United States Environmental Protection Agency and three of

its employees. (Dkt. No. 1.) Plaintiff did not pay the filing fee for this action and seeks leave to

proceed *in forma pauperis* ("IFP"). (Dkt. No. 2.)

## II.     BACKGROUND

### A.     *David I*

On January 17, 2019, Plaintiff commenced a *pro se* action in the Northern District of New York, No. 3:19-CV-0064 (DNH/DEP) ("*David I*") against the United States Environmental Protection Agency ("EPA"), Andrew Wheeler, Acting U.S. EPA Administrator, Peter D. Lopez, Regional U.S. EPA Administrator, and Richard Keigwin, Jr., Director of the U.S. EPA office of pesticide programs (collectively "Defendants"). In that lawsuit, Plaintiff alleged that "there is a 'probability' that he and his dog, Annie, are being poisoned by the widespread use of pesticides, herbicides, and other chemical agents, which have been, and continue to be, approved for the public's use by defendants." *David v. U.S. Envtl. Prot. Agency*, 19-CV-0064, 2019 WL 1004706, at *1 (N.D.N.Y. Jan. 29, 2019) (Peebles, M.J.).

On January 29, 2019, United States Magistrate Judge David E. Peebles denied Plaintiff's IFP application in *David I* and recommended dismissal of the complaint pursuant to 28 U.S.C. § 1915(e). *David*, 2019 WL 1004706, at *6. As to Defendants Wheeler, Lopez, and Keigwin, Judge Peebles found that "beyond naming [them] in the caption and first paragraph of his complaint . . . plaintiff has failed to set forth any factual allegations as to those defendants." *Id.* at *4. As to Defendant EPA, Judge Peebles found that Plaintiff's complaint, as drafted, lacked coherence to such an extent that the Court was "unable to meaningfully analyze . . . whether and to what extent plaintiff ha[d] pleaded a colorable claim against the EPA." *Id*. at *5. As a result, Judge Peebles recommended that Plaintiff's complaint in *David I* be dismissed without prejudice. *Id.* at *6.

On March 1, 2019, United States District Judge David N. Hurd accepted in part and rejected in part Judge Peebles's Report-Recommendation. *David v. United States Envtl. Prot.*

2

*Agency*, 19-CV-0064, 2019 WL 1004299, at *1 (N.D.N.Y. Mar. 1, 2019) (Hurd, J.).  Judge Hurd held that "any amendment [of the complaint] would be futile and no amendment would be permitted" and as a result, "[t]he complaint [was] dismissed in its entirety."  *David*, 2019 WL 1004299, at *1.

Judgment was entered in favor of Defendants against Plaintiff on March 1, 2019.  (*David I*, Dkt. No. 7.)  On March 28, 2019, Plaintiff filed a motion to alter judgment and amend the judgment.  (*David I*, Dkt. No. 11.)  On June 21, 2019, Judge Hurd found no basis to disturb the Court's decision and order dismissing the complaint or the accompanying judgment.  (*David I*, Dkt. No. 14.)

On July 17, 2019, Plaintiff filed a motion for rehearing.  (*David I*, Dkt. No. 16.)  On July 19, 2019, Judge Hurd denied Plaintiff's motion for rehearing.  (*David I*, Dkt. No. 17.)  On August 5, 2019, Plaintiff filed a response to Judge Hurd's order denying Plaintiff's motion for rehearing.  (*David I*, Dkt. No. 18.)  Plaintiff filed a letter dated August 11, 2019.  (*David I*, Dkt. No. 19.)  On August 13, 2019, Judge Hurd struck from the docket Plaintiff's letter dated August 11, 2019, and advised Plaintiff that *David I* was closed on March 1, 2019.  (*David I*, Dkt. No. 20.)

### B. *David II*

On September 30, 2019, Plaintiff commenced this *pro se* action in the Northern District of New York, No. 3:19-CV-0064 (GTS/ML) ("*David II*") against Defendants asserting—in sum and substance—the same allegations as set forth in *David I*.  (*Compare David I*, Dkt. No. 1, *with David II*, Dkt. No. 1.)

### III. ALLEGATIONS OF THE COMPLAINT

Although most of his Complaint is rambling, far from clear, and contains virtually no factual detail, construed liberally, the gravamen of Plaintiff's Complaint alleges that Defendants violated the Toxic Substances Control Act ("TSCA"), 15 U.S.C. § 2601, *et seq.*, the Clean Water Act ("CWA"), 33 U.S.C. § 1251, *et seq.*, the Clean Air Act ("CAA"), 42 U.S.C. § 7401, *et seq.*, the Food Quality Protection Act ("FQPA"),[1] Pub. L. No. 104-170, 110 Stat. 1489, Plaintiff's First Amendment right to peaceably assemble, and Plaintiff's rights pursuant to the Ninth Amendment.  (*See generally* Dkt. No. 1.)

Although the Complaint indicates that the action arises under 42 U.S.C. § 1983, it is clear that Plaintiff is attempting to bring a citizen suit to enforce various environmental laws and regulations.  (*Id.*)  The Complaint alleges that it is "highly probable" that Plaintiff (and his dog Annie), are being poisoned by the use of pesticides, herbicides, and other chemical agents, which have been, and continue to be approved for the public's use by Defendants.  (*Id.*)  Plaintiff seeks declaratory and injunctive relief.[2]  (*Id.*)

### IV. PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid.  28 U.S.C. § 1914(a).  A court is authorized,

---

[1] The FQPA amended both the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301, *eq seq.*, and the Federal Insecticide, Fungicide and Rodenticide Act, 7 U.S.C. § 136, *eq seq.*

[2] Plaintiff's Complaint also requests summary judgment.  (*See generally* Dkt. No. 1.) Plaintiff filed a letter dated January 17, 2020, stating that he is "grateful" to the Court "for granting Plaintiff's request for summary judgment."  (Dkt. No. 3 at 2.)  To date, no motion for summary judgment has been granted.  (*See generally* docket sheet.)  In addition, the Court notes that to the extent Plaintiff's Complaint is construed liberally as a motion for summary judgment, Plaintiff failed to comply with N.D.N.Y. L.R. 7.1(a), which requires that all motions for summary judgment include a memorandum of law, supporting affidavit, proof of service on the parties, and statement of material facts.

however, to grant IFP status if it determines that the plaintiff is unable to pay the required fee. 28 U.S.C. § 1915(a)(1).³ Pursuant to 28 U.S.C. § 1915, where a plaintiff seeks leave to proceed IFP, the court must determine whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying the required filing fee. 28 U.S.C. § 1915(a)(1).

The decision of whether to grant an application to proceed IFP rests within the sound discretion of the court. *Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983). The court must be satisfied "that the person is unable to pay such fees or give security therefor" prior to granting IFP status. 28 U.S.C. § 1915(a)(1). To make this threshold showing, a plaintiff must demonstrate "that paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute." *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (Fed. Cl. 2007) (citing *Adkins v. E.l. DuPont de Nemours & Co.*, 335 U.S. 331, 339 [1948]); *see also Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) ("Section 1915[a] does not require a litigant to demonstrate absolute destitution[.]"); *accord, Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). As the Second Circuit has noted, "no party must be made to choose between abandoning a potential meritorious claim or foregoing the necessities of life." *Potnick*, 701 F.2d at 244 (citing *Adkins*, 335 U.S. at 339).

In support of an IFP application, 28 U.S.C. § 1915 requires that a plaintiff submit an affidavit reflecting his assets. 28 U.S.C. § 1915(a)(1).

---

³       The language of that section is ambiguous because it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

5

Here, Plaintiff's IFP application states that he receives $1,352.00 per month in Social Security retirement benefits and $516.00 per month in workers' compensation benefits, which equates to approximately $22,416.00 in annual income. (Dkt. 2 at 1.) The United States Department of Health and Human Services publishes yearly Poverty Guidelines. Those guidelines reflect that, for 2020, the poverty threshold for a household of one[4] is $12,760.00. *See* United States Dep't of Health & Human Servs., https://aspe.hhs.gov/poverty-guidelines (last visited February 14, 2020).[5]

"Plaintiff's application does not disclose any extraordinary or unusual expenses, debts or financial obligations, other than ordinary cost-of-living expenses, such as property taxes, utilities, insurance, and food. Although [P]laintiff's regular monthly expenses exceed his monthly income, in part due to a moderate amount of credit card debt and a small loan, in his application, he discloses that he possesses [$5,000.00] in [a checking or] savings [account] and [$14,000.00] in other assets." *David*, 2019 WL 1004706; *compare David I*, Dkt. No. 2 (Plaintiff's IFP application in *David I*, which stated that he possessed (a) $27,000.00 in cash or a checking or savings account, (b) a Toyota FJ Cruiser valued at $15,000.00, and (c) a "Home in NM" valued at $45,000.00), *with David II*, Dkt. No. 2 (Plaintiff's IFP application in *David II*, which states that he possesses (a) $5,000.00 in cash or in a checking or savings account, (b) a Toyota FJ Cruiser valued at $9,000.00, and (c) "Home and land at 2633 State Route 17C, Barton, NY 13734, which has no value, it can only be donated, it cannot be sold"). It is unclear whether Plaintiff's property in Barton, New York is the same property that was listed on his IFP

---

[4]   The IFP application states that there are no individuals who are dependent on him for support. (Dkt. No. 2 at ¶ 7.)

[5]   The Poverty Guidelines do not specify whether they measure income before or after taxes. This distinction is irrelevant in this case.

6

application in *David I*, with a value of $45,000.00, or whether Plaintiff has since sold that "Home in NM." It is also unclear why Plaintiff's Toyota FJ Cruiser reduced $6,000.00 in value from January 17, 2019 (the date of his IFP application filing in *David I*), to September 30, 2019 (the date of his IFP application filing in *David II*).

In this instance, despite some unanswered questions regarding Plaintiff's finances, I find that he possesses sufficient funds to pay the $400.00 filing fee to commence an action without "foregoing the necessities of life." *Potnick*, 701 F.2d at 244 (citing *Adkins*, 335 U.S. 339). Accordingly, I deny Plaintiff's motion to proceed in this case IFP. To the extent that Plaintiff may wish to renew his request to proceed IFP, and given the Court's unanswered questions about his financial situation, any request to proceed without the prepayment of fees must include a fully completed long form *in forma pauperis* application (AO 239).

## V.     LEGAL STANDARD GOVERNING INITIAL REVIEW OF A COMPLAINT

Ordinarily, the finding that Plaintiff does not qualify for IFP status would end the Court's discussion, and Plaintiff, in light of his *pro se* status, would likely be afforded an opportunity to either prepay the full filing fee, or submit a new, completed, and certified application for IFP. Because, however, as is discussed more completely below, I find that Plaintiff's Complaint fails to state a claim upon which relief may be granted, 28 U.S.C. § 1915 requires that the court dismiss the action "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid[.]" 28 U.S.C. § 1915(e).

Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In deciding

whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

The Court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. More specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The

requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 [2007]). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## VI.   ANALYSIS

### A.   Claims Against Defendants Wheeler, Lopez, and Keigwin

When a complaint names a defendant in the caption, "but contains no allegations indicating how the defendant violated the law or injured the plaintiff," any claims against that defendant are subject to dismissal. *Gilfus v. Adessa*, 04-CV-1368, 2006 WL 2827132, at *4 (N.D.N.Y. Sept. 30, 2006) (Munson, J.) (quoting *Morabito v. Blum*, 528 F. Supp. 252, 262 (S.D.N.Y. 1981)); *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999).

Here, beyond naming Defendants Wheeler, Lopez, and Keigwin in the caption and first paragraph of his complaint (Dkt. No. 1 at 1-2), which merely states that Plaintiff is seeking relief

9

against them, Plaintiff has failed to set forth any factual allegations as to those Defendants. (*See generally* Dkt. No. 1.) In the absence of the requisite specificity with respect to how each defendant violated the law or caused damage to Plaintiff, I recommend that the Complaint be dismissed against Defendants Wheeler, Lopez, and Keigwin.

### B. Claims Against the EPA

Plaintiff's Complaint is comprised of sixteen pages and eighty-nine paragraphs of incoherent text and data culled from news articles regarding the use of pesticides and other chemical agents. (*See generally* Dkt. No. 1.)[6] By way of one example, in the "[i]ntroduction" section of the Complaint, Plaintiff alleges as follows:

> [¶ 7] Father says, be still and know that I am God,
> Father says, be still and be filled with my peace,
> Father says, be still and know that I am the Lord,
> Father says, and remain hereafter within me.
>
> Father says, I created everyone and everything.
>
> Father says, they are all my children.
>
> [¶ 8] Father says, Defendants are endangering and killing them all. Father says, with pesticides. Father says, your Honor, we must stop allowing the use of pesticides. Father says, your Honor, pesticides are poisons.
>
> . . .
>
> [¶ 11] Father says, your Honor, Birds and Frogs eat the poisoned Insects, and the more they eat, the more the poisons accumulate in them, and the poisons kills them too. Father says, your Honor, bigger Birds and Mammals, including some pets, sometimes eat poisoned Birds and Frogs, and Rabbits eat poisoned grasses and plants, and that poison accumulates in them, or your pets, and will harm and kill them. Father says, your Honor, like the

---

[6]  Plaintiff's Complaint here is virtually identical to his Complaint in *David I* (compare *David I*, Dkt. No. 1, *with David II*, Dkt. No. 1), which was dismissed because it was frivolous. *David*, 2019 WL 1004706, at *4-5. Plaintiff also attached a fourteen-page "exhibit" to the Complaint (which is, in large part, identical to the factual "addendum" to the complaint in *David I*). (*Compare David I*, Dkt. No. 1 at 17-44, *with David II*, Dkt. No. 1, Attach. 1.)

> Raptors and Earth-bound Mammals that eat poisoned Frogs and Birds, that poison kills them too.

(Dkt. No. 1 at 2-3 [errors in original].)  In addition, in the "Ninth VIOLATION OF LAW by Defendants" section of the Complaint, Plaintiff alleges,

> [¶ 78]   Father says, your Honor, Defendants also violate <u>respect</u>.  Father says, your Honor, they violate the respect for the children and adults and pets and the environment of America; for the plants and trees and fruits and vegetables and insects and birds and mammals and fish and reptiles and amphibians.  Father says, your Honor, they are called the U.S. <u>ENVIRONMENTAL</u> <u>PROTECTION</u> Agency and should get down on their knees and thank me their God that there are such things as corn and strawberries and wheat and cotton and soy and alfalfa and clothing and air and water and land.  Father says, your Honor, Defendants should respect those foods and clothing and air and water and land, the American people, the environment, and for the matter at hand, in this civil action, Plaintiff and Annie[, Plaintiff's dog].

(Dkt. No. 1 at 15 [errors in original].)

Although certain citizen suits are permissible against the EPA, as the Complaint is currently drafted, the Court is unable to meaningfully analyze, in accordance with 28 U.S.C. § 1915(e), whether and to what extent, Plaintiff has pleaded a colorable claim against the EPA.[7]

As a result, I recommend that the Complaint be dismissed as frivolous.  *See David*, 2019 WL 1004706, at *5 (dismissing *David I*, with a nearly identical complaint), *adopted in part by* 2019 WL 1004299; *Gillich v. Shields*, 18-CV-0486, 2018 WL 2926299, at *3 (N.D.N.Y. Apr.

---

[7]   For example, the citizen suit provision of the CWA enables citizens to bring suit to force the Administrator of the EPA to perform non-discretionary duties.  33 U.S.C. § 1365(a)(2); *David*, 2019 WL 1004706, at *5, n.4.  Here, Plaintiff simply alleges that the EPA has violated the spirit of the CWA because there is a probability that he (and his dog) are being poisoned by the widespread chemical agents.  As a result, it is not clear from the Complaint what mandatory duty he alleges that the EPA has allegedly failed to perform pursuant to the CWA.

Moreover, citizen enforcement suits under the TSCA, the CWA, and the CAA, are each subject to certain pre-suit notice requirements.  15 U.S.C. § 2619(b)(2); 33 U.S.C. § 1365(b)(2); 42 U.S.C § 7604(b)(2).  There is no indication in the Complaint that Plaintiff has met those requirements.

30, 2018) (Peebles, M.J.) ("While the court has no reason to doubt that plaintiff's intentions in commencing this action are sincere, his complaint is nevertheless nonsensical by any objective measure and is not drafted in a manner that allows the court to meaningfully analyze any purported cause of action in accordance with 28 U.S.C. § 1915(e)."), *adopted by* 2018 WL 2926302 (N.D.N.Y. June 8, 2018) (D'Agostino, J.); *Canning v. Hofmann*, 15-CV-0493, 2015 WL 6690170, at *5 (N.D.N.Y. Nov. 2, 2015) (Hurd, J.) ("Under these circumstances, having found that none of the allegations in Plaintiff's meandering and indecipherable Complaint raise a cognizable cause of action, the Court concludes that the Complaint fails to state a claim upon which relief may be granted and is subject to dismissal."); *see also Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("Dismissal [for failure to comply with Fed. R. Civ. P. 8] . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise intelligible that its true substance, if any, is well disguised.").

  **C.** **Whether to Permit Amendment**

  Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is

not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[8]

In this case, due to the incomprehensible allegations in Plaintiff's Complaint, it is not clear whether better pleading would permit Plaintiff to assert a cognizable cause of action against Defendants. However, as set forth above in Part II. of this Order and Report-Recommendation, Plaintiff's nearly identical complaint in *David I* was dismissed by United States District Judge David N. Hurd with prejudice, *David*, 2019 WL 1004299, at *1, and Plaintiff then commenced this action. Therefore, it appears that granting Plaintiff leave to amend is unlikely to be productive. As a result, I recommend that Plaintiff's claims be dismissed without leave to amend. *See Syfert v. City of Rome*, 19-CV-0775, 2019 WL 6000991, at *2-3 (N.D.N.Y. Nov. 19, 2019) (Suddaby, C.J., adopting Report-Recommendation) (dismissing with prejudice certain claims based on the expiration of the statute of limitations where those same time-barred claims had been dismissed three times previously in other lawsuits brought by the plaintiff); *Carrasco v. Annucci,* 17-CV-0246, 2017 WL 6492010, at *2 (N.D.N.Y. Dec. 15, 2017) (Suddaby, C.J.) (dismissing a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) without leave to amend "because plaintiff has already had two opportunities to amend the complaint").

**WHEREFORE**, it is hereby

---

[8]   *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 [2d Cir. 1999], that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim" is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 [2007]), *rev'd on other grounds*, 682 F. App'x 30.

**ORDERED** that Plaintiff's IFP application (Dkt. No. 2) is **DENIED without prejudice and with leave to renew**; and it is further

**RECOMMENDED** that the Court **DISMISS WITHOUT LEAVE TO REPLEAD**[9] Plaintiff's Complaint (Dkt. No. 1) pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[10]  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>.**  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 [2d Cir. 1989]).

---

[9] If the Court (a) rejects this recommendation and accepts Plaintiff's Complaint for filing, or (b) adopts this recommendation in part and rejects it in part, such that Plaintiff is permitted leave to amend his Complaint, and if Plaintiff wishes to proceed with this action, he must either (i) pay the $400.00 filing fee, or (ii) submit a renewed IFP application detailing his current financial condition within thirty (30) days from the date of the filing of Court's Decision and Order.  Failure to comply with this directive will result in the issuance of a report and recommendation to the assigned district judge that the action be dismissed.

[10] If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).

It is hereby respectfully **ORDERED** that the Clerk of the Court shall file a copy of this order, report, and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[11]

Dated: February 14, 2020
       Binghamton, New York

*Miroslav Lovric*
Miroslav Lovric
U.S. Magistrate Judge

---

[11] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).