UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVE J. FORJAN,

                          Plaintiff,

                                                                 3:19-CV-1209
v.                                                            (GTS/ML)

U.S. ENVIRONMENTAL PROTECTION AGENCY;
ANDREW WHEELER, Acting U.S. EPA Adm'r;
PETER D. LOPEZ, Regional Acting U.S. EPA Adm'r;
and RICHARD KEIGWIN, JR., Dir., U.S. EPA Office
of Pesticide Programs,

                          Defendants.
_____

APPEARANCES:

DAVE J. FORJAN
  Plaintiff, *Pro Se*
2633 State Route 17C
Barton, New York 13734

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* civil rights action filed by Dave J. Forjan ("Plaintiff") against the Environmental Protection Agency and three of its employees ("Defendants"), are the following: (1) Plaintiff's appeal from United States Magistrate Judge Miroslav Lovric's Order denying without prejudice and with leave to renew Plaintiff's motion to proceed *in forma pauperis* ("IFP"); (2) Magistrate Judge Lovric's Report-Recommendation recommending that Plaintiff's Complaint be *sua sponte* dismissed (without prior leave to amend) pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim and frivolousness, and Plaintiff's Objection thereto; and (3) Plaintiff's Motion for a Temporary Restraining Order,

Motion for a Preliminary Injunction and Motion for a Permanent Injunction. (Dkt. Nos. 4, 5.)

Even when construed with the utmost of special leniency, Plaintiff's appeal from Magistrate Judge Lovric's Order denying his motion to proceed IFP does not identify any part of the Order that is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72(a); *see also Aquastore, Inc. v. Pelseal Techn., LLC*, 06-CV-0093, 2010 WL 610685, at *2 (N.D.N.Y. Feb. 17, 2010) (Scullin, J.) ("When considering an appeal from a magistrate judge's ruling on a non-dispositive matter, a district court will modify or set aside any portion of the magistrate judge's ruling that it finds to be 'clearly erroneous or contrary to law.'") (quoting 28 U.S.C. § 636[b][1][A]; Fed. R. Civ. P. 72[a]). As a result, Magistrate Judge Lovric's Order's is affirmed for the reasons stated therein.

Because Magistrate Judge Lovric denied Plaintiff's motion to proceed IFP without prejudice (and thus Plaintiff would still have an opportunity to renew his motion to proceed IFP if his *pro se* Complaint were to survive the Court's *sua sponte* review), the Court turns its attention to Magistrate Judge Lovric's Report-Recommendation and Plaintiff's Objection thereto.

Even when construed with the utmost of special leniency, Plaintiff's Objection to Magistrate Judge Lovric's Report-Recommendation fails to contain a *specific* challenge to a finding or conclusion contained in the Report-Recommendation. (*Compare* Dkt. No. 5 *with* Dkt. No. 4.) To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] As a result, the Report-Recommendation is entitled to

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The

only a clear-error review,[2] which it easily survives for the reasons stated therein. In the alternative, the Court finds that the Report-Recommendation survives a *de novo* review for the reasons stated therein.

Plaintiff's Motion for a Temporary Restraining Order, Motion for a Preliminary Injunction and Motion for a Permanent Injunction are denied for each of two alternative reasons. First, the motions are moot in that the claims to which the motions' requests for injunctive relief are related have been dismissed. Second, even if the motions were not moot, they would be denied as both procedurally improper and unsupported by a showing of cause.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Lovric's Order denying Plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 4) is **AFFIRMED**; and it is further

**ORDERED** that Magistrate Judge Lovric's Report-Recommendation (Dkt. No. 4) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is *sua sponte* **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that Plaintiff's Motion for Temporary Restraining Order, Motion for a

---

only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]     Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

Preliminary Injunction and Motion for a Permanent Injunction (Dkt. No. 5) are **DENIED**.

Dated: May 19, 2020
       Syracuse, New York

*[signature]*

Hon. Glenn T. Suddaby
Chief U.S. District Judge